

2006 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

6-14-2006

# Iskandar v. Atty Gen USA

Precedential or Non-Precedential: Non-Precedential

Docket No. 05-4207

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2006

Recommended Citation

"Iskandar v. Atty Gen USA" (2006). *2006 Decisions.* Paper 895.
http://digitalcommons.law.villanova.edu/thirdcircuit_2006/895

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2006 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 05-4207

ALFIN ISKANDAR,

Petitioner

v.

ATTORNEY GENERAL OF
THE UNITED STATES,

Respondent

On Petition for Review of an Order of
The Board of Immigration Appeals
Immigration Judge: Honorable Miriam K. Mills
(No. A96-258-069)

Submitted Under Third Circuit LAR 34.1(a)
June 9, 2006

Before: AMBRO, FUENTES and NYGAARD, Circuit Judges

(Opinion filed: June 14, 2006)

OPINION

AMBRO, Circuit Judge

Alfin Iskandar petitions for review of an order of the Board of Immigration

Appeals ("BIA") affirming the denial of his application for asylum, withholding of removal, and relief under the United Nations Convention Against Torture and Other Forms of Cruel, Inhuman and Degrading Treatment or Punishment ("CAT"). For the reasons set forth below, we affirm the decision of the BIA and deny the petition for review.[1]

## I.

Because we write principally for the parties, we set forth only those facts as are necessary to our analysis. Iskandar is an ethnically Javanese citizen of Indonesia who entered the United States as a non-immigrant visitor, overstayed his visa, and was charged with removal for remaining in the United States without authorization in violation of 8 U.S.C. § 1227(a)(1)(B). Iskandar conceded he was removable and applied for asylum, withholding of removal, and relief under CAT. He claimed he was persecuted in Indonesia on account of his ethnicity and political affiliation, and that he has a well-founded fear of future persecution and torture on the same grounds should he return.

The immigration judge (IJ) found that Iskandar was not eligible for asylum because his application was not filed within one year of his arrival in the United States. 8 U.S.C. § 1158(a)(2)(B). The IJ further found that – even crediting Iskandar's testimony –

---

[1]The IJ had jurisdiction over the asylum applications pursuant to 8 C.F.R. § 208.2. The BIA possessed jurisdiction under 8 C.F.R. § 1003.1(b). *Filja v. Gonzalez*, 447 F.3d 241, 253 (3d Cir. 2006). We exercise appellate jurisdiction over this petition for review under § 242(b) of the Immigration and Nationality Act ("INA"), 8 U.S.C. § 1252(b).

the harm he feared was neither severe nor likely enough to satisfy the standards for withholding of removal and relief under the CAT. *See* 8 U.S.C. § 1231(b)(3)(A) (withholding of removal); *INS v. Stevic*, 467 U.S. 407, 412 (1984) (withholding appropriate only when there is a "clear probability" that the alien's life or freedom would be threatened upon removal); *see also* 8 C.F.R. §§ 208.16 and 208.18 (regulations governing CAT claims)*; Abdulrahman v. Ashcroft*, 330 F.3d 587, 591 n.2 (3d Cir. 2003) (for CAT claim, alien must show it is more likely than not that she will be tortured by the government or with its acquiescence upon removal).

Iskandar appealed to the BIA the IJ's decision as to his asylum, withholding of removal and CAT claims. It affirmed without opinion. Iskandar petitions us for review.

**II.**

8 U.S.C. § 1158(a)(3) deprives us of jurisdiction to review the IJ's determination that Iskandar's asylum petition was not filed within the one-year limitations period. 8 U.S.C. § 1158(a)(3); *Tarrawally v. Ashcroft*, 338 F.3d 180, 185 (3d Cir. 2003).

We have jurisdiction, however, to review the IJ's denial of withholding of removal and CAT relief. Where, as here, the BIA summarily affirms the IJ's decision, the decision we review is that of the IJ. *Dia v. Ashcroft*, 353 F.3d 228, 245 (3d Cir. 2003) *(en banc)*. We review the determination of whether an alien was subject to persecution or has a well-founded fear of future persecution under the substantial evidence standard, "under which we may reverse only if a reasonable adjudicator would be compelled to conclude to the contrary." *Toure v. Attorney General*, 443 F.3d 310, 316 (3d Cir. 2006) (internal

3

quotation marks and citations omitted); *see also* 8 U.S.C. § 1252(b)(4)(B). Denials of CAT relief are also subject to substantial evidence review. *Zubeda v. Ashcroft*, 333 F.3d 463, 471 (3d Cir. 2003).

We conclude that substantial evidence supports the IJ's findings that the incidents described and the harm feared by Iskandar do not rise to the level of persecution. Iskandar's application for withholding of removal and CAT relief relied on two incidents, both of which occurred more than a decade before he left Indonesia. Around December 10, 1985, a person of Javanese ethnicity was elected as chairman of Iskandar's home village. Shortly thereafter, eight individuals attacked and beat Iskandar and his cousin because, according to the assailants, a person of Javanese ethnicity was not qualified to be chairman of the village. Iskandar also asserted that he was attacked and beaten by three men in 1988 due to his father's participation in a clover farmers' protest.

"[T]he concept of persecution does not encompass all treatment that our society regards as unfair, unjust or even unlawful or unconstitutional." *Fatin v. INS*, 12 F.3d 1233, 1240 (3d Cir. 1993). Accordingly, we have defined "persecution as including threats to life, confinement, torture, and economic restrictions so severe that they constitute a real threat to life or freedom." *Lukwago v. Ashcroft*, 329 F.3d 157, 168 (3d Cir. 2003) (citation and internal quotations omitted). Moreover, "persecution" requires either government involvement or the involvement of individuals the government is "unable or unwilling to control." *Gao v. Ashcroft*, 299 F.3d 266, 273 (3d Cir. 2002). Here, Iskandar did not demonstrate either "a real threat to life or freedom" or that the

4

Indonesian government is "unable or unwilling to control" the individuals who allegedly persecuted him.

A CAT applicant must establish that "it is more likely than not" that he will be tortured if removed to the proposed country of removal. 8 C.F.R. § 208.16(c)(2). In other words, the applicant has the burden to demonstrate "a greater than 50% probability that he would face torture." *Kamara v. Att'y Gen.*, 420 F.3d 202, 213-14 (3d Cir. 2005). "Torture is defined as any act by which severe pain or suffering, whether physical or mental, is intentionally inflicted on a person . . . by or at the instigation of or with the consent or acquiescence of a public official or other person acting in an official capacity." 8 C.F.R. § 1208.18(1). Here, Iskandar failed to establish that he would likely face torture at the instigation of or with the acquiescence of the Indonesian government. In light of these facts and the requirements for demonstrating eligibility for withholding of removal and CAT relief, we hold that there was substantial evidence to support the IJ's denial of Iskandar's claims.

\* \* \* \* \*

For the reasons stated above, we deny Iskandar's petition for review.